Qiang WANG, Plaintiff-Appellant,

v.

PALO ALTO NETWORKS, INC.; et al., Defendants-Appellees.

No. 14-16092

United States Court of Appeals, Ninth Circuit.

Submitted December 14, 2016 *

Filed December 21, 2016

Qiang Wang, Pro Se

Daralyn Jeannine Durie, Attorney, Ryan M. Kent, Esquire, Attorney, Ragesh K. Tangri, Durie Tangri LLP, San Francisco, CA, for Defendants-Appellees Palo Alto Networks, Inc., Nir Zuk

Jonathan Alan Patchen, Attorney, Taylor & Company Law Offices, San Francisco, CA, for Defendant-Appellee Fengmin Gong

Before: WALLACE, LEAVY, and FISHER, Circuit Judges.

MEMORANDUM **

Qiang Wang appeals pro se from the district court's order denying his motion to vacate a settlement agreement he entered into with Palo Alto Networks, Inc. that

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

resulted in the voluntary dismissal of his patent infringement claim.

We lack jurisdiction to hear Wang's appeal on its merits. *See* 28 U.S.C. § 1295(a)(1) (the United States Court of Appeals for the Federal Circuit has exclusive jurisdiction over an appeal from a district court if the jurisdiction of the district court was based, "in whole or in part", on 28 U.S.C. § 1338); *Breed v. Hughes Aircraft Co.*, 253 F.3d 1173, 1178 (9th Cir. 2001).

We therefore transfer the entire case to the Federal Circuit. *See* 28 U.S.C. § 1631; *Breed*, 253 F.3d at 1180; *see also Amity Rubberized Pen Co. v. Mkt. Quest Grp. Inc.*, 793 F.3d 991, 998 (9th Cir. 2015) ("[T]ransfer will generally be in the interest of justice, unless it is apparent that the matter to be transferred is frivolous or was filed in bad faith."). The clerk shall transmit all materials lodged with this court to the clerk of that court.

**TRANSFERRED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.